IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DEBORAH KNIGHT,

          Plaintiff,

      v.

CURRY HEALTH DISTRICT,

          Defendant.

Civ. No. 1:15-cv-01851-CL

ORDER

CLARKE, Magistrate Judge.

## BACKGROUND

This case was brought by Plaintiff Deborah Knight ("Plaintiff") based on her allegation that Defendant Curry Health District ("Defendant") subjected her to unlawful employment practices. Plaintiff brings her claims under the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), and various state statutes. Plaintiff comes before the Court seeking leave to file a First Amended Complaint that would add an additional claim for First Amendment retaliation; the proposed amendment would also add two individual

defendants as parties to the new claim. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## LEGAL STANDARD

The decision to grant or deny a motion to amend pleadings lies within the district court's discretion. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This rule represents a "strong policy permitting amendment." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the opposing party, is not sought in bad faith, and is not futile. Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir.2001). Thus, whether leave to amend should be granted is generally determined by considering the following: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4) futility of amendment. Lockheed Martin v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir.1999).

Not all of the factors merit equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam). The consideration of prejudice to the opposing party carries the greatest weight, and is the "touchstone of the inquiry under Rule 15(a)." Id. at 1052 (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001) (internal quotations omitted). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend. Id.

## DISCUSSION

As discussed, Plaintiff seeks to add a claim for First Amendment retaliation and to add two individual defendants as parties to that claim. The Court analyzes the relevant Federal Rule of Civil Procedure 15(a) factors below.

## I.    Bad Faith

Bad faith exists if the amendment indicates that the plaintiff asserts baseless claims in an effort to prolong litigation. Griggs v. Pace American Corp, Inc., 170 F.3d 877, 881 (9th Cir. 1999). The record contains no evidence, nor does Defendant contend, that Plaintiff's Motion to Amend has been brought in bad faith. Consequently, this factor is neutral in the Court's analysis.

## II.   Undue Delay

"[d]elay alone is not sufficient to justify the denial of a motion requesting leave to amend," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987), but it is pertinent, particularly "when no reason is given for the delay." Lockheed Martin Corp. v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.3d 1385, 1388 (9th Cir. 1990) (citations omitted).

Plaintiff's counsel points out that the parties attempted to settle this case early on but were unsuccessful. Plaintiff's counsel therefore asserts that Plaintiff and her counsel were focused, in large part, on settlement and not the prosecution of the case. Accordingly, it was not until settlement negotiations broke down that Plaintiff and her counsel reexamined "the documents and testimony in this case," Pl.'s Mot. to Amend, at 2, and established that a claim for First Amendment retaliation was colorable. Plaintiff's counsel thus justifies the delay by arguing that the parties' good faith attempt at settlement took priority over any decision to amend her complaint.

The Court finds the stipulated reason for delay unjustified. While it is true that the parties were engaged in extensive settlement discussion, this alone does not excuse a party from

prosecuting its case, especially where, as here, Plaintiff knew or should have known of the facts giving rise to her First Amendment retaliation claim at the time of her original pleading; as Plaintiff herself states, she merely reexamined the documents and testimony already available to her. Consequently, Plaintiff has unduly delayed in bringing her Motion. Nevertheless, as discussed above, delay alone is insufficient to sustain a denial of a motion to amend, especially here, where there is no finding of prejudice, bad faith, or futility of amendment. See Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) (stating it is an abuse of discretion to deny a motion to amend where there is not a finding of prejudice to the opposing party, bad faith by the moving party, or futility of amendment).

## III.   Prejudice to Opposing Party

As stated, the potential for prejudice to the opposing party carries the most weight; it is "the touchstone of the inquiry under Rule 15(a)." Eminence Capital, LLC, 316 F.3d at 1052. When considering whether an amendment would be prejudicial, the Court considers the additional expense and delay imposed on the non-moving party. Crane v. United States, No. 3:10-68-AC, 2011 WL 7277317, at *9 (D. Or. Nov. 29, 2011), report and recommendation adopted, 2012 WL 442748 (D. Or. Feb. 9, 2012).

Defendant argues that Plaintiff's Motion to Amend would be prejudicial, as it will cause the "scope and timing of discovery" to expand significantly. Def.'s Resp., at 8. Additionally, Defendant maintains that while Plaintiff's proposed First Amendment retaliation claim is premised on the same underlying facts as her current claims, the elements necessary to prove the First Amendment claim are "significantly different" from those necessary to prove her current claims, further expanding the scope of discovery. Def.'s Resp., at 9. Finally, Defendant asserts that "if [P]laintiff is allowed to add the new defendants, additional discovery to and from each

new party, including discovery related to their specific roles and potential liabilities will be necessary." Def.'s Resp., at 9. Plaintiff, by contrast, argues that Defendant will not be prejudiced because the discovery deadline has already been pushed back, no trial date is set, no depositions have been taken, and little documentary evidence has been produced.

Defendant would not be significantly prejudiced were the Court to grant Plaintiff's Motion to Amend. All three of Defendant's arguments are premised on the fact that Plaintiff's First Amendment retaliation claim would greatly expand the scope of discovery, both between the current parties, as well as to and from the parties to be added. This argument, however, is unpersuasive; "[t]he need to conduct additional discovery does not alone constitute undue prejudice warranting denial of a motion to amend." Onions Etc., Inc. v. Z & S Fresh, Inc, 1:09-cv-00906-OWW-MJS, 2011 WL 2433354, at *4 (E.D. Cal. June 13, 2011). Moreover, no depositions have taken place, no firm trial date is set, and little documentary discovery has changed hands. The fact that amending might require Defendant to conduct additional depositions, beyond those anticipated, or might necessitate additional written discovery to and from additional parties, does not constitute undue prejudice, warranting denial of Plaintiff's amendment. See Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

## IV.    Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The test for determining the sufficiency of a proposed amendment mirrors the test used to consider the validity of a claim under Federal Rule of Civil Procedure 12(b)(6), namely, a proposed amendment is futile when no set of facts under the amendment can be proved "that would constitute a valid and sufficient claim." Id.

In her proposed amendment, Plaintiff alleges she engaged in protected speech regarding matters of public concern and interest and that, as a result of this speech, the proposed defendants, individuals Andrew Bair and Lora Maxwell—as well as the current defendant, Curry Health District—took adverse employment actions against Plaintiff. Such allegations raise issues of fact, and thus it cannot be said that Plaintiff's Motion to Amend would be futile.

## CONCLUSION

Based on the foregoing discussion, Plaintiffs' Motion for Leave to File a First Amended Complaint (#19) is hereby GRANTED.

ORDERED and DATED this ___29___ day of September, 2016.

_____
MARK D. CLARKE
United States Magistrate Judge